IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMIL ABDULLAH AL-AMIN,<br><br>Petitioner,<br><br>v.<br><br>DAVID A. BERKEBILE, Warden,<br>ADX Florence, and BRIAN OWENS,<br>Commissioner of the Georgia<br>Department of Corrections,<br><br>Respondents. | CIVIL ACTION NO.<br>1:12-CV-1688-AT-GGB<br><br>HABEAS CORPUS<br>28 U.S.C. § 2254 |

**PETITIONER'S RESPONSE TO MOTION TO STRIKE**

Respondent Brian Owens has moved to strike Exhibits 11-29 attached to the Corrected Second Amended Petition for a Writ of Habeas Corpus ("Petition") filed by Petitioner Jamil Abdullah Al-Amin, citing *Cullen v. Pinholster*, 131 S. Ct. 1388 (2011). Mr. Al-Amin respectfully submits that Respondent's request to strike the exhibits fails to consider the purpose for which the exhibits were attached to the Second Amended Petition and relies on an overly expansive reading of *Pinholster*. Accordingly, Mr. Al-Amin respectfully requests that the motion to strike be denied.

I.      OVERVIEW OF THE EXHIBITS SOUGHT TO BE STRICKEN

Respondent has moved to strike Exhibits 11-29 attached to Mr. Al-Amin's Corrected Second Amended Petition.  These exhibits fall into three categories: (1) articles regarding the 1995 shooting of Glenn Thomas by Federal Bureau of Investigation ("FBI") Special Agent Ron Campbell; (2) publicly-available materials providing background for Mr. Al-Amin's *Brady* surveillance claim; and (3) publicly-available materials substantiating certain background facts alleged in the Petition.  None of these categories of exhibits should be stricken.

*First*, the articles relative to the 1995 shooting of Glenn Thomas represent Mr. Al-Amin's effort to replicate a proffer of the same or substantially similar articles during the underlying trial.  Although Mr. Al-Amin has located several statements in the state court record describing the substance of the proffered articles, the actual articles do not appear to be included in the record as submitted by Respondent.  Mr. Al-Amin would be willing to substitute the actual proffered articles for the articles he has located based on the descriptions in the record (as set forth below, this is one of several threshold issues regarding the completeness of the state court record that may be appropriate to address at the outset of this case).  Until this apparent omission in the state court record is addressed, however, the "replacement" articles submitted by Mr. Al-Amin should not be stricken.

*Second*, Mr. Al-Amin has submitted certain publicly-available materials providing background for his *Brady* surveillance claim (which focuses on evidence indicating Mr. Al-Amin may have been under federal surveillance at the time of the crime).  At least one of these exhibits has been located in the underlying criminal trial record, and the other publicly-available materials – such as the COINTELPRO memorandum from 1967 indicating that Mr. Al-Amin was a target of this program and the 1976 Senate Report regarding COINTELPRO – merely provide background for this claim and substantiate non-controversial historical facts relative to the FBI's continuing interest in Mr. Al-Amin.  Significantly, Mr. Al-Amin's *Brady* surveillance claim is the type of claim for which expansion of the record and discovery would be appropriate, and he intends to move to expand the record to include additional evidentiary materials supporting this claim (which were *not* attached to the Petition) and to seek discovery on this claim promptly.

*Third*, Mr. Al-Amin submitted publicly-available materials to substantiate certain background facts alleged in the Petition.  As with several of the exhibits submitted as background for the *Brady* surveillance claim, many of these documents would be an appropriate subject of judicial notice.  In any event, they were not offered in an attempt to "expand the record," but rather as convenience copies of publicly-available materials referenced in the Petition.

Respondent's motion to strike and other responsive filings have brought into focus several threshold procedural and state court record issues that should be briefed promptly, after which the issues of expanding the record, discovery, and an evidentiary hearing should be addressed. Consistent with prior proceedings in this case, Mr. Al-Amin will endeavor to address these issues by a consent scheduling order, although he also welcomes a status conference with the Court.

## II.  ARTICLES SUBMITTED IN AN ATTEMPT TO REPLICATE THE DEFENSE'S PROFFER OF ARTICLES DURING THE TRIAL

Mr. Al-Amin's third claim asserts a violation of the Confrontation Clause arising out of the criminal trial court's limitation on his ability to cross-examine FBI Agent Ron Campbell (who was directly involved in the arrest and prosecution of Mr. Al-Amin) regarding his shooting of Glenn Thomas, a Muslim, in 1995. Mr. Al-Amin's defense counsel specifically sought to raise this issue during the trial. *See* Tr. 139-41 [Dkt. 29-2, at 25-27]. Respondent acknowledges Mr. Al-Amin's defense counsel raised this issue before trial, and then renewed the motion repeatedly during the trial. *See* Br. in Supp. of Second Supp. Answer-Resp., at 35-37 (citing Dkt. 29-2, at 25-30, 41-42; Dkt. 29-3 at 2-3, 146-47; Dkt. 30-6, at 55-59; Dkt. 31-2, at 90-95). The trial court denied Mr. Al-Amin's requests, and the Georgia Supreme Court affirmed these rulings on appeal. *See id.* at 37-38 (citing *Al-Amin v. State*, 278 Ga. 74, 84, 597 S.E.2d 332, 345-46 (2004) (holding trial

- 4 -

court properly excluded evidence of shooting of Glenn Thomas on the grounds that "Campbell had not been prosecuted for the alleged misconduct, and that any probative value was far outweighed by the danger of unfair prejudice").

During the underlying trial, Mr. Al-Amin's defense attorneys proffered certain newspaper articles in support of their request to cross-exam Agent Campbell on this matter. *See* Tr. 139-41, 144-45 [Dkt. 29-2, at 25-27, 30-31]. The trial court denied the motion and sealed these materials, at one point noting that much of the material which was to be sealed was comprised of news articles. *See id.* at 155-56, 258-59, 401-03 [Dkt. 29-2, at 41-42; Dkt. 29-3 at 2-3, 145-47]. Although current counsel for Mr. Al-Amin has been unable to locate in the record these sealed materials, it is apparent from the context of the discussions of this evidence that the articles include or are substantially similar to the articles attached to Mr. Al-Amin's Petition. *See, e.g.,* Tr., at 403 [Dkt. 29-3, at 147] ("THE COURT: . . . Many of these materials are actually newspaper articles . . . . But I think it basically sets the stage of the prior bad acts, alleged.").

Respondent acknowledges that this issue was raised at trial and defends the trial court's exclusion of this evidence. *See* Resp.'s Br. in Supp. of Second Supp. Answer-Resp., at 34-40. Respondent's motion to strike, however, seeks to exclude Exhibits 27 and 28, which are newspaper articles Mr. Al-Amin submitted in an

- 5 -

effort to replicate the articles actually proffered during trial. *See* Mot. to Strike ¶ 3. If and to the extent the articles proffered during the underlying trial are in or made part of the record before this Court, Mr. Al-Amin will withdraw these Exhibits. If those articles are not in the record, however, Mr. Al-Amin submits that the articles attached to his Petition should be considered.

In addition to the Glenn Thomas articles, there are other materials from the state court proceedings that do not appear to have been filed in this Court. Mr. Al-Amin's original federal habeas petition attached his state habeas petition and the amendment to that petition; the transcript of and exhibits from the initial hearing in the state habeas action; and certain other materials developed after the initial hearing (including the transcript of Otis Jackson's deposition). Respondent subsequently filed numerous volumes of the underlying trial court record, including filing the remainder of Volume I of the state habeas record on August 27, 2013 (*see* Dkt. 60). Based on Mr. Al-Amin's review of the record, however, several other filings from the state habeas action have not yet been made part of the record in this Court. These filings may be pertinent to the issue of diligence under 28 U.S.C. § 2254(e)(2) in connection with Mr. Al-Amin's forthcoming motions to expand the record, for discovery, and for an evidentiary hearing.

Accordingly, Mr. Al-Amin respectfully requests that Respondent file the Glenn Thomas articles and all remaining filings from his state habeas action as part of the record in this action. *See, e.g., Lucas v. Upton*, No. 5:09-CV-289 (CAR), 2012 WL 892193, at *3 (M.D. Ga. Mar. 14, 2012) (noting requirement that federal habeas courts have "'the benefit of a complete record'" from state proceedings) (quoting *Thames v. Dugger*, 848 F.2d 149 (11th Cir. 1988)).

### III. BACKGROUND MATERIALS PERTINENT TO MR. AL-AMIN'S *BRADY* SURVEILLANCE CLAIM

Mr. Al-Amin's fourth claim asserts a due process violation under *Brady v. Maryland*, 373 U.S. 83 (1963), based on the non-production of federal surveillance evidence. In support of this claim, Mr. Al-Amin pointed to certain documents received after trial indicating there was an informant in the Muslim community and that there was surveillance of Mr. Al-Amin at the time of the shootings. *See* Pet'n, at 111-114. Mr. Al-Amin raised these allegations in the amendment to Mr. Al-Amin's state habeas petition. *See* Am. State Habeas Pet'n at 4 [Dkt. 1-7, at 5] (stating "FOIA documents show that there was an informant in the Muslim community and that there was surveillance of Al-Amin").

In his Petition in this action, Mr. Al-Amin added detail regarding some of the FOIA materials received since the trial. *See* Pet'n, at 111-114. Among other documents, an FBI report dated January 27, 2000 (less than two months before the

- 7 -

shooting) alleged that Mr. Al-Amin was the leader of a Muslim organization that "uses its religious activities to mask criminal activity." *Id.* n.74.  Mr. Al-Amin contrasts these materials with news reports at the time of the trial such as Exhibit 29, which is an article stating that the FBI had ended its investigation of Mr. Al-Amin in 1996.  *See id.*

As an initial matter, Mr. Al-Amin has determined that Exhibit 29 was part of the trial court record, which moots Respondent's record-based objection.  *See* Dkt. 60-1, at 109 & Dkt. 60-2, at 1.  Although Respondent also objects to Exhibit 29 as irrelevant, not probative, and hearsay, Mr. Al-Amin's *Brady* claim requires a comparison of the information available to him and his counsel at the time of trial and the information received after trial.  Thus, Exhibit 29 should not be stricken.

Mr. Al-Amin also attached other publicly-available documents intended to provide background regarding the FBI's interest in and prior surveillance of him:

- Exhibit 14 is an internal FBI memorandum (which subsequently was made available to the public) showing that Mr. Al-Amin was one of a handful of civil rights leaders (including Dr. Martin Luther King Jr.) specifically identified in the FBI memorandum outlining the counterintelligence program known as "COINTELPRO," the purpose of which was to "expose, disrupt, misdirect, discredit, or otherwise neutralize" certain civil rights leaders and organizations.  Pet'n, at 15 & n.12 (citing Ex. 14).

- Exhibit 15 is a 1976 Senate Report critically examining the activities of the COINTELPRO program.  Petition, at 15-16 & n.13 (citing Ex. 15).

- Exhibit 17 is a copy of the Anti-Riot Act of 1968, which was passed in the wake of a school burning that occurred after one of Mr. Al-Amin's speeches, and Exhibit 18 is an article noting the law was known as the "Rap Brown Act." Pet'n, at 16 & n.16 (citing Exs. 17-18).

- Exhibit 20 is an article noting Mr. Al-Amin's placement on the FBI's Most Wanted List in 1970. Pet'n, at 17 & n.18 (citing Ex. 20).

- Exhibit 23 is a recent investigative article regarding the FBI's long-running interest in Mr. Al-Amin. Pet'n, at 22 & n.25 (citing Ex. 23).

Although Respondent seeks to strike these exhibits, they are all publicly-available materials that corroborate non-controversial propositions relating to the FBI's longstanding interest in Mr. Al-Amin. Many of the historical facts (regarding COINTELPRO, for example) are not "subject to reasonable dispute" and thus would be an appropriate subject of judicial notice. *See* Fed. R. Evid. 201. In any event, none of these materials constitute "evidence" on which Mr. Al-Amin's *Brady* claim depends, as opposed to background information.

Mr. Al-Amin respectfully submits that "striking" these materials would be excessive and premature. As addressed fully below, Mr. Al-Amin seeks to resolve Respondent's procedural objections to the *Brady* claim[1] (and to any other claim)

---

[1] Respondent's Answer challenges Mr. Al-Amin's *Brady* surveillance claim as "new" and asserts it was "not previously raised in the state courts." Second Supp. Answer-Resp. of Resp. Owens, at 8. Respondent's Brief, however, acknowledges the *Brady* surveillance issue was raised, at least in part, in the amendment to the state habeas petition. *See* Br. in Supp. of Second Supp. Answer-Resp., at 41-42.

promptly, after which he intends to (a) move to expand the record to include the FOIA documents and other materials supporting his claim that he was under federal surveillance at the time of the crime; and (b) move for leave to conduct discovery on his *Brady* claim.  Mr. Al-Amin respectfully requests that, pending full briefing of his *Brady* claim, publicly-available background materials regarding the FBI's prior surveillance of and interest in him not be stricken.

## IV.  EXHIBITS SUBMITTED TO SUBSTANTIATE GENERAL BACKGROUND FACTS

The Petition contains a background discussion of Mr. Al-Amin's history as an iconic civil rights figure and subsequent role as a spiritual and community leader in Atlanta's West End community.  In response to the Court's request that Mr. Al-Amin substantiate each of the factual assertions in the Petition, Mr. Al-Amin attached certain publicly-available sources supporting his allegations.  This last category of exhibits also should not be stricken.

Respondent challenges Exhibit 11, a Declaration Mr. Al-Amin submitted in a civil rights action, as "not relevant to nor probative of the claims he is raising in this case." Mot. to Strike, at 2.  Mr. Al-Amin only attached this Declaration to

---

Respondent's Brief also states that the "state habeas court did not reach the merits of the [surveillance] issue but acknowledged that Petitioner had an available federal remedy that he had not pursued." *Id.* at 42.  Mr. Al-Amin has pursued production of federal documents and intends to address this issue as part of the briefing on Respondent's procedural objections.

substantiate the date on which he was transferred from the Georgia prison system to the Supermax. *See* Pet'n, at 12.  Mr. Al-Amin did not rely on (and has no intention to rely on) the Declaration to establish any element of his habeas claims.

Respondent also challenges Exhibits 12 and 13, articles documenting Mr. Al-Amin's famous meeting with President Johnson in 1965 and other historical events in Mr. Al-Amin's public life.  These articles, involving well-established and uncontested background facts, were submitted solely to substantiate allegations in the Petition's historical background section. *See* Pet'n, at 14 & nn.10-11.  Exhibit 16 addresses a single background fact (the riot occurring in Cambridge, Maryland after a speech by Mr. Al-Amin in 1967), and Exhibit 19 documents Mr. Al-Amin's disappearance from public view in 1970. *See id.* at 16 n.15 (citing Ex. 16) & *id.* at 17 n.17 (citing Ex. 19).  Exhibit 21 is a publicly-available amicus brief submitted by Mr. Al-Amin (and others) in 1987. *See* Pet'n, at 20 & n.21 (citing Ex. 21).

As with the other publicly-available documents attached to the Petition, these exhibits establish background facts "not subject to reasonable dispute." *See* Fed. R. Evid. 201 (authorizing judicial notice of certain adjudicative facts).  Mr. Al-Amin submitted these documents for background and to support the historical factual assertions in the Petition.  None of these exhibits constitutes the type of

substantive "evidence" (such as a new affidavit from a witness or similar evidence directly pertinent to the merits of the habeas claim) addressed in *Pinholster*.

As Mr. Al-Amin stated when he corrected the Petition to add ECF citations, he also attached copies of the "key press articles and other publicly-available documents cited in the Petition," for the "convenience of the Court and opposing counsel." *See* Petition, at 2 n.1.  Although Mr. Al-Amin believes striking these exhibits is excessive and unnecessary, none of the exhibits is critical to any of his claims, and he does not want this issue to impede the development of this case.[2]

## V. ANTICIPATED NEXT STEPS

As discussed above, there appear to be certain deficiencies in the record of the state court proceedings that should be addressed promptly, so that the Court and the parties have a complete record in this case.  In addition to the Glenn Thomas articles, a number of filings from the state habeas proceeding appear to have been omitted from the record filed with this Court.

Respondent also has raised certain procedural challenges to Mr. Al-Amin's claims (particularly with respect to the *Brady* surveillance claim).  Mr. Al-Amin

---

[2] Respondent also has moved to strike Exhibits 24-26, which are publicly-available news articles published shortly after the crime that reported the assailant had been shot.  The issue of the shooter having been wounded during the gunfight was raised in the underlying trial and in the state habeas proceedings.  *See, e.g.,* Dkt. 60-4, at 37.  These publicly-available articles also should not be stricken.

respectfully requests that these issues be briefed promptly, because Mr. Al-Amin intends to move to expand the record with evidence supporting his *Brady* claim and to seek discovery on that claim.  After these issues have been litigated the issue of conducting an evidentiary hearing should be briefed.

Once the issues of discovery and any evidentiary hearing have been resolved, additional merits briefing of the parties likely will be appropriate.  Even if Mr. Al-Amin is not granted discovery or an evidentiary hearing, he respectfully requests the opportunity to file a Reply addressing the arguments raised in the Respondent's Response and Brief.  Among several other issues, Mr. Al-Amin respectfully disagrees with Respondent's contention that *Pinholster* precludes this Court from considering the juror's affidavit that was submitted to the state habeas court in connection with Mr. Al-Amin's Fifth Amendment challenge to the prosecution's mock cross-examination of him during closing arguments.  *See* Br. in Supp. of Second Supp. Answer-Resp., at 18.

Consistent with prior practice in this case, Mr. Al-Amin anticipates coordinating with counsel for Respondent to establish a consent briefing schedule regarding procedural defenses, expanding the record, discovery, and an evidentiary hearing.  Mr. Al-Amin also would welcome the opportunity to participate in a status conference with the Court.

## VI. CONCLUSION

For the foregoing reasons, Mr. Al-Amin respectfully requests that Respondent's Motion to Strike Exhibits 11-29 be denied.

Respectfully submitted this 23rd day of September, 2013.

|  |  |
|---|---|
| | s/ C. Allen Garrett Jr. |
| KILPATRICK TOWNSEND & STOCKTON LLP | A. Stephens Clay (Ga. Bar 129400) |
| | Miles J. Alexander (Ga. Bar 009000) |
| 1100 Peachtree Street, Suite 2800 | Ronald L. Raider (Ga. Bar 592192) |
| Atlanta, Georgia 30309-4528 | C. Allen Garrett Jr. (Ga. Bar 286335) |
| Telephone: (404) 815-6500 | sclay@kilpatricktownsend.com |
| Facsimile: (404) 815-6555 | malexander@kilpatricktownsend.com |
| | rraider@kilpatricktownsend.com |
| | agarrett@kilpatricktownsend.com |

*Attorneys for Petitioner Jamil Abdullah Al-Amin*

## CERTIFICATE OF FONT AND POINT SELECTION

I hereby certify that the foregoing was prepared in Times New Roman font, 14 point type, in compliance with Local Rule 5.1(B).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the U.S. District Court's CM/ECF System and that pursuant thereto, a copy of this pleading has been served upon the following persons by electronic mail:

>Paula K. Smith, Esq.
>psmith@law.ga.gov

This 23rd day of September, 2013.

| | |
|---|---|
| | s/ C. Allen Garrett Jr. |
| KILPATRICK TOWNSEND   & STOCKTON LLP | C. Allen Garrett Jr.  Georgia Bar No. 286335 |
| 1100 Peachtree Street, Suite 2800  Atlanta, Georgia 30309-4528 | agarrett@kilpatricktownsend.com |
| Telephone: (404) 815-6500  Facsimile: (404) 815-6555 | *One of the Attorneys for Petitioner Jamil Abdullah Al-Amin* |