IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIL ABDULLAH AL-AMIN, | * | CIVIL ACTION NO. |
| | * | 1:12-CV-1688-AT-GGB |
| Petitioner, | * | |
| | * | |
| v. | * | HABEAS CORPUS |
| | * | 28 U.S.C. § 2254 |
| David A. BERKEBILE, Warden, | * | |
| ADX Florence, and | * | |
| BRIAN OWENS, Commissioner | * | |
| of the Georgia Department of | * | |
| Corrections, | * | |
| | * | |
| Respondents. | * | |

BRIEF ON THE ISSUE OF
ACCESS TO A SEALED FILE CONTAINING
THE FULTON COUNTY DISTRICT ATTORNEY'S
"PERSONAL PROSECUTION NOTES USED IN PREPARATION OF TRIAL"
WHICH MAY INCLUDE MATERIALS FROM THE FBI
(Doc. 79)

Comes now Respondent Owens, through counsel, Samuel S. Olens,

Attorney General of Georgia, and submits this brief on the issue of access to a

sealed file containing "personal prosecution notes used in preparation of trial" in

Petitioner's state criminal case, as the file may contain materials of the FBI which

only the FBI may disclose, by showing and stating as follows:

INTRODUCTION

In November 2014 counsel for Respondent contacted the chambers of the

Unites States Magistrate Judge assigned this case with a request for a conference call or a status conference with the parties for direction on how to proceed with handling a sealed file containing "personal prosecution notes used in preparation of trial" by the Fulton County District Attorney.  That contact was made with the knowledge of counsel for Petitioner.

The existence of this sealed file came to the parties' attention in August or September 2014, and its contents have never been seen by counsel for Petitioner nor by counsel for Respondent.  The parties intended from the outset to file a copy of these "personal notes" under seal in this case in order to shield them from public view, but to afford the Court access to the notes.

<u>PROCEDURAL HISTORY</u>

Petitioner is currently in federal custody, pursuant to an agreement between Respondent Owens and federal authorities, serving his challenged Fulton County, Georgia, convictions and sentences for the malice murder of Deputy Sheriff Ricky Kinchen and other felonies, including the shooting of Deputy Sheriff Andranon English, arising from a jury trial in 2002 at which the state sought the death penalty.  After finding Petitioner guilty of all thirteen counts at the guilt-innocence phase of the bifurcated trial, at the sentencing phase the jury found the existence of four statutory aggravating circumstances but fixed his sentence for malice murder as life without parole.  The trial court sentenced him to life without parole, in

2

accord with that sentencing verdict, and he was sentenced to terms of years, to run consecutively, for four other felonies.  The convictions and sentences were affirmed on direct appeal.  Al-Amin v. State, 278 Ga. 74, 597 S.E.2d 332, cert. denied, 543 U.S. 992 (2004).

Petitioner filed his federal habeas corpus petition after seeking state habeas corpus relief.  He amended the federal petition twice, and Respondent Owens has answered and filed briefs addressing the grounds of the petition as amended. Respondent has also filed records and transcripts from the state collateral attack, which include the voluminous transcripts of the trial as well as pre-and post-trial hearings, the clerk's record prepared for the direct appeal, and the briefs filed on direct appeal, as required by Rule 5 of the Rules Governing § 2254 Cases and the show-cause order.

This sealed file containing "personal notes" of the state prosecutor came to the parties' attention during their attempts over the past year to obtain copies of transcripts and/or exhibits that were sealed during the course of Petitioner's Fulton County trial and are not part of the voluminous exhibits already on file on this case.  Through periodic reports, the parties apprised the Court of their efforts to have transcripts and other materials unsealed and copies made to be filed as exhibits for this Court's review.

3

The parties have obtained copies of several hearings, occurring prior to or during trial, as well as exhibits linked to those hearings[1].  These additional materials have not been filed since the discovery of the sealed file of "personal notes" essentially brought matters to a halt.

The Fulton County District Attorney, as counsel for the State in the criminal case, did not object to the transcripts and exhibits being unsealed by the trial court for the parties to review.  However, no one was aware at that time of the existence of this file of prosecutor's "personal notes."  The Fulton County District Attorney did voice opposition to Petitioner's request for access to and a copy of these notes when the existence of this file was brought to the District Attorney's attention[2].  That opposition culminated in a hearing on September 26, 2014, before the judge who presided at Petitioner's trial.

Attached is a copy of the trial court's order of October 22, 2014, in which the court denied Petitioner's request for a copy of the sealed file containing "personal prosecution notes used in preparation of trial."  The court apprised the parties that its cursory review of the notes revealed the presence of notes from

---

[1] For example, one transcript that had been sealed contains the colloquy with the trial court in which Petitioner waived his right to testify at trial.  Some other transcripts are of ex parte hearings with the court and attorneys and/or representatives of the United States Attorney's Office, the Federal Bureau of Investigation ("FBI") and other federal agencies regarding materials generated by the FBI during their investigation and participation in the joint task force.

4

other law enforcement agencies, including several FBI agents[3].  Given the presence
of these notes and the fact that counsel for the FBI had not been alerted to the
request for access, the court declined to conduct an in depth review and instead set
out the procedure it would follow, with the parties' assent.

That procedure called for the Fulton District Attorney to make a copy of the
file of prosecutor's notes and relay it under seal to the state Attorney General (who
is Respondent's counsel in this case), so that the Attorney General could file it
under seal in this case for this Court's review.  For the Court's information,
counsel for Respondent has since been provided with a sealed copy of the file, but
has not filed it (along with a motion to file it under seal) in the wake of the FBI's
position.

The trial court ordered that a copy of the October 2014 order be sent to the
United States Attorney for the Northern District of Georgia and that counsel were
to alter counsel for the FBI to the request for access.  Counsel of Respondent was
immediately contacted by counsel for the FBI upon the latter's learning of the
request for access, and counsel for the FBI voiced opposition to disclosure of any
information from the FBI.  For the Court's information, the Fulton District
Attorney agreed to provide a copy of the contents of the sealed envelope to the

---

[2] Many or all of the Fulton assistant district attorneys who participated in
Petitioner's criminal trial are currently employed elsewhere.

Page  5

FBI's regional counsel.  To the best that Respondent can determine, a copy of the file was provided to counsel for the FBI.

Respondent's counsel also had conversations with Assistant United States Attorney Beranek about the file, and she has since entered an appearance in the case.  (Doc. 78).  For the Court's information, Assistant United States Attorney Beranek recently asked the Fulton District Attorney for a copy of the contents of the sealed envelope.  To the best that Respondent can determine, a copy of the file was provided to her for her review.

<u>THE GOVERNING STANDARDS</u>

Disclosure of information or materials of the federal government requires prior approval.  <u>See</u>, <u>e.g.</u>, <u>United States ex rel. Touhy v. Ragen</u>, 340 U.S. 462 (1951); <u>Unites States v. Napper</u>, 887 F.2d 1528 (11th Cir. 1989); <u>Florida v. Cohen</u>, 887 F.2d 1451 (11th Cir. 1989); <u>McLeod v. Bentley</u>, No. 8:13-CV-3036, 2014 U.S. Dist. LEXIS 118139 (M.D. Fla. Aug. 5, 2014).  Under the <u>Touhy</u> doctrine, any request for information requires that the procedures set forth in regulations promulgated by the Department of Justice ("DOJ") be followed and permits the DOJ to decide is disclosure is authorized by the appropriate responsible federal official.  <u>McLeod</u> at *8, 9.

---

[3] During the September 2014 hearing, the court listed the names of law enforcement personnel referenced in the notes, including eight FBI agents.

The information at issue here is referenced in the state prosecutor's "personal notes" for use at Petitioner's criminal trial.  The information used or elicited at Petitioner's state criminal trial is a matter of existing trial record. Though the state prosecutor's "personal notes" are in the closed criminal file and ostensibly available for review by the public under Georgia's Open Records Act, a statute analogous to the federal Freedom of Information Act, <u>Napper</u> cautions that information loaned by the FBI to a state for use in a criminal prosecution remains the property of the FBI.  In fact, the trial court cited <u>Napper</u> as authority for why the court declined to conduct a detailed review in camera of the notes to determine if they should be disclosed, given the presence of what appeared to be notes of some FBI agents, and opined that this Court was the more appropriate forum for such a determination and directed that the FBI be apprised of the request for access.

Again, counsel for Respondent has not personally reviewed these notes and has no knowledge as to what they entail and/or whether they are cumulative of testimony already adduced at Petitioner's trial.  Respondent is simply trying to discharge his obligation to provide this Court with relevant documents from Petitioner's prior state court proceedings for its use in resolving the issues raised in the petition.  Though Petitioner will have the opportunity to file his own response, he had previously stated his own interests in having access to the notes and for this

7

Court to have them in order to ascertain if information favorable to the defense is contained therein but was not disclosed to the defense.  Respondent has a corollary interest in having access to the notes in order to point out that material, exculpatory "evidence" was not withheld.  The parties are aware of the sensitive nature of the materials and had contemplated seeking leave to file a copy of the notes under seal in this Court to avoid public scrutiny.  Respondent did not file such a motion, or a copy of the notes, due to concerns voiced by counsel for the FBI and fear that, if the motion to file the notes under seal was denied, they would be in the public sector.  Both parties need access to notes to determine if they are germane to the issues raised.

For these reasons, Respondent seeks direction from the Court as to whether the notes may be filed, under seal, for the Court's review and/or whether a hearing, involving the DOJ, on the issue of disclosure is needed as a prerequisite to filing the notes under seal.  Respondent also requests access to the notes if Petitioner is granted access to them.

8

CONCLUSION

WHEREFORE, Respondent prays that the Court grant him leave to file a

copy of the state prosecutor's notes under seal and that the Court grant him access

to a copy of the notes for use in this case.

Respectfully submitted,

SAMUEL S. OLENS               551540
Attorney General

BETH A. BURTON               027500
Deputy Attorney General

s / Paula K. Smith_____
PAULA K. SMITH               662160
Senior Assistant Attorney General

Please serve:

PAULA K. SMITH
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia  30334-1300
Telephone: (404) 656-3351

9

CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the foregoing BRIEF, by filing

the same electronically with the CM/ECF system:


C. Allen Garrett, Jr., Esq.
Miles J. Alexander, Esq.
A. Stephens Clay, Esq.
Ronald L. Raider, Esq.
Kilpatrick Townsend & Stockton LLP
Atlanta, Georgia

Lori M. Beranek
Assistant United States Attorney
Atlanta, Georgia


This   5th   day of January, 2015.



s / Paula K. Smith
Paula K. Smith
Senior Assistant Attorney General

10

FILED IN OFFICE

OCT 2 2 2014

DEPUTY CLERK SUPERIOR COURT
FULTON COUNTY, GA

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

THE STATE OF GEORGIA      *      INDICTMENT NO.
                                  *      00SC03563
        v.                     *
                                    *
JAMIL ABDULLAH AL-AMIN      *

ORDER ON DEFENDANT'S REQUEST FOR ACCESS TO A SEALED FILE
OF THE PROSECUTOR'S PERSONAL NOTES

This case came before the Court for hearing on September 26, 2014, on Mr.

Al-Amin's request for access to and a copy of a sealed file containing "personal

prosecution notes used in preparation of trial." These notes were reviewed by the

Court in camera at the time of Mr. Al-Amin's trial and were sealed on March 26,

2002. No materials from this file were disclosed to Mr. Al-Amin at that time.

Though these notes are part of the record in the criminal case, they have remained

sealed and were not provided to anyone after Mr. Al-Amin's convictions were

affirmed on direct appeal and the criminal case formally ended.[1]

The Fulton County District Attorney objected to Mr. Al-Amin's recent

request for a copy of these notes. The Court was asked to review these notes in

camera again and determine if information relevant to the Brady[2] issues raised in

---

[1] The Court was advised that the notes were not made part of the record in Mr. Al-
Amin's state habeas corpus case challenging his Fulton conviction.
[2] Brady v. Maryland, 373 U.S. 83 (1963).

the criminal case, and in Mr. Al-Amin's pending federal habeas corpus case challenging his Fulton convictions, is in the notes and should be disclosed, in full or in part.

The Court denies Mr. Al-Amin's general request for access to and a copy of the notes. Brady does not grant a criminal defendant a constitutional right to conduct his own search of the state's file in order to argue relevance. See, e.g., Pennsylvania v. Richie, 480 U.S. 39, 59-60 (1987).

More importantly, the Court's cursory review of the file revealed the presence of more than Fulton County prosecutors' notes. The file appears to contain notes of other law enforcement personnel, including several agents of the Federal Bureau of Investigation ("FB I"). The Fulton County District Attorney, as well as a state and local task force, worked closely with the FBI in the investigation and prosecution of this case, and information was shared. In addition, the Court conducted several ex parte hearings where counsel for the FBI and members of the Office of United States Attorney for the Northern District were present, and the Court reviewed materials of the FBI, either with permission of the FBI, the United States Attorney, or through orders of Northern District judges. Any materials that were released in the course of Mr. Al Amin's trial, such as tapes of intercepted phone calls, were released by this Court via orders from the federal courts, as the tapes were apparently sealed by district court order in the first

2

instance.  Other materials that were reviewed but not disclosed by this Court were returned to the FBI to avoid their inadvertent disclosure, copies were not kept by the Court, nor was the information provided to the parties in the criminal case.

Given the presence of FBI notes in the sealed file, the Court is reluctant to conduct an exhaustive review of the notes, particularly since counsel for the FBI has not been alerted to the current request for access.  The Court is aware of prior instances in which the FBI has successfully asserted ownership of its own materials and retrieved documents which should not have been disclosed under Georgia's Open Records Act despite their presence in Atlanta Police Department investigative files.  See, e.g., United States v. Napper, 887 F.2d 1528 (11th Cir. 1989).

The parties agreed that the more prudent and expeditious course would be for the this Court to allow the Fulton County District Attorney to make a copy of the file of the prosecutor's notes, relay it under seal to the Georgia Attorney General, who is counsel for the respondent in Mr. Al-Amin's federal habeas corpus case, so the copy may, in turn, be filed under seal in the federal habeas case for potential review by the district court.  That procedure will afford Mr. Al-Amin the opportunity to ask the district court to conduct an in camera review of the notes.

3

Counsel for the parties in Mr. Al-Amin's federal habeas corpus case shall alert counsel for the FBI of the proposed filing in the federal habeas corpus case, as well as any request for in camera review and access to materials in the file.

The Clerk of the Superior Court is directed to provide a copy of this order to counsel for Mr. Al-Amin, the Fulton County District Attorney, and the Attorney General of Georgia.

SO ORDERED, this 22nd day of October, 2014.

STEPHANIE B. MANIS, Senior Judge
Superior Courts
Sitting by Designation

Prepared by:

Paula K. Smith
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square, SW
Atlanta, Georgia 30334
404 656-3351

Copies:

Paula Smith, Georgia Attorney General's office   psmith@law.ga.gov
Pete Johnson, Office of District Attorney —
Miles Alexander, Attorney for Respondent — malexander@kilpatricktownsend.com
Allen Garrett, Attorney for Respondent — agarrett@kilpatricktownsend.com
Sally Yates, United States Attorney — sally.yates@usdoj.gov

4