# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMIL ABDULLAH AL-AMIN,<br><br>Petitioner,<br><br>v.<br><br>DAVID A. BERKEBILE, Warden, ADX Florence, and BRIAN OWENS, Commissioner of the Georgia Department of Corrections,<br><br>Respondents. | CIVIL ACTION NO.<br>1:12-CV-1688-AT-GGB<br><br>HABEAS CORPUS<br>28 U.S.C. § 2254 |

## PETITIONER'S BRIEF ON THE ISSUE OF ACCESS TO A SEALED FILE CONTAINING THE PROSECUTION'S PERSONAL NOTES

Petitioner Jamil Al-Amin respectfully submits his response to Respondent Brian Owens' "Brief on the Issue of Access to a Sealed File Containing the Fulton County District Attorney's 'Personal Prosecution Notes Used in Preparation of Trial' Which May Include Materials from the FBI" [Dkt. No. 80] ("Resp.'s Br.").[1]

---

[1] This Court's Order requesting briefing was directed to "Respondents." (Dkt. No. 79.) Respondent David Berkebile, the Warden of ADX Florence (where Mr. Al-Amin was incarcerated at the time this action was filed), has not formally appeared in this action. In the fall of 2014, Mr. Al-Amin was transferred to USP Canaan, located near Waymart, Pennsylvania. Mr. Al-Amin will seek to coordinate with counsel for Respondent Owens to substitute the current Warden of USP Canaan, David Ebbert, for Respondent Berkebile.

## I. THE FBI'S PROPOSED PROTECTIVE ORDER

On the afternoon of January 23, 2015, counsel for the FBI circulated a proposed protective order that would allow counsel for the parties: (a) to inspect the sealed file containing "Personal prosecution notes to be used in preparation for trial" ("Prosecution's Personal Notes"); and (b) to file under seal any materials from the Prosecution's Personal Notes that are relevant to the claims and defenses in this federal habeas action. Counsel for Mr. Al-Amin has consented to entry of the FBI's proposed protective order.

Before receiving the proposed protective order, Mr. Al-Amin had prepared a brief responding to Respondent Owens' Brief. Much of the argument in Mr. Al-Amin's brief has been mooted by the FBI's proposal. Nevertheless, Mr. Al-Amin submits this short brief to clarify the procedural background of the current dispute and to preserve Mr. Al-Amin's rights and contentions relative to the sealed materials in the state court record.

## II. PROCEDURAL BACKGROUND

Mr. Al-Amin largely agrees with Respondent Owens' summary of the proceedings before the underlying state court relative to the sealed records. *See* Resp. Br., at 1-6. Mr. Al-Amin provides some additional details regarding these proceedings to facilitate the Court's review of the current issues.

As Respondent states, counsel for the parties have endeavored for well over a year to review all sealed materials from the underlying trial, in order to file in this Court sealed materials relevant to the claims and defenses in this habeas action. After several months of effort, the parties were granted permission to review (but not copy) a large volume of sealed materials at the Georgia Supreme Court in February and March of 2014.[2] The parties identified approximately two dozen sealed transcripts from these voluminous materials that are relevant to the claims and defenses in this action.

In April 2014, the Clerk of the Supreme Court advised counsel for the parties that a request to copy the sealed materials should be made in the first instance to the trial court in the underlying action.[3] The sealed materials were returned to the state trial court, and counsel for Mr. Al-Amin filed a "Motion For Amendment of Sealing Orders to Allow Sealed Materials to be Inspected, Copied, and Filed Under Seal in Federal Habeas Action."[4]

Mr. Al-Amin's unopposed state court motion was granted in July 2014, and counsel for the parties reviewed the sealed materials at the state trial court later that month. Unfortunately, some of the sealed materials reviewed at the Georgia

---

[2] *See* Third Notice of Developments Regarding State Court Record (Dkt. No. 72).

[3] *See* Fourth Notice of Developments Regarding State Court Record (Dkt. No. 74).

[4] *See* Fifth Notice of Developments Regarding State Court Record (Dkt. No. 75).

Supreme Court were not among the sealed materials made available by the trial court.  The missing sealed materials were located in August 2014, and the parties resumed their review of the sealed materials in August and September of 2014.[5]

The sealed materials reviewed at the state trial court included "new" sealed materials that counsel for the parties had not reviewed at the Georgia Supreme Court.  These "new" materials included:  (a) a sealed envelope containing "discovery materials" of the prosecution; and (b) a sealed envelope containing the Prosecution's Personal Notes.  Given the nature of these two envelopes, the parties contacted the Fulton County District Attorney's office to confirm these materials fell within the parameters of the consent previously provided by District Attorney.[6]

The District Attorney did not object to the parties reviewing the envelope containing "discovery materials," but did object to review of the Prosecution's Personal Notes.  On September 26, 2014, counsel for the parties and for the District Attorney's office appeared before Senior Judge Stephanie Manis, who had presided over Mr. Al-Amin's underlying trial and signed the Orders sealing the record, to address the issue of access to the Prosecution's Personal Notes.[7]

---

[5] *See* Sixth Notice of Developments Regarding State Court Record (Dkt. No. 76).

[6] *See* Seventh Notice of Developments Regarding State Court Record (Dkt. No. 77).

[7] *See* Resp.'s Br., Ex. A.

As reflected in the "Order on Defendant's Request for Access to a Sealed File of the Prosecution's Personal Notes" ("State Court Order") Judge Manis denied Mr. Al-Amin's request for access to the Prosecution's Personal Notes, ruling as follows:

> The file appears to contain notes of other law enforcement personnel, including several agents of the Federal Bureau of Investigation ("FBI"). The Fulton County District Attorney, as well as a state and local task force, worked closely with the FBI in the investigation and prosecution of this case, and information was shared. In addition, the Court conducted several ex parte hearings where counsel for the FBI and members of the Office of United States Attorney for the Northern District were present, and the Court reviewed materials of the FBI, either with permission of the FBI, the United States Attorney, or through orders of Northern District judges. Any materials that were released in the course of Mr. Al Amin's trial, such as tapes of intercepted phone calls, were released by this Court via orders from the federal courts, as the tapes were apparently sealed by district court order in the first instance. Other materials that were reviewed but not disclosed by this Court were returned to the FBI to avoid their inadvertent disclosure, copies were not kept by the Court, nor was the information provided to the parties in the criminal case.

State Court Order (Resp.'s Br., Ex. A), at 2-3. Accordingly, and consistent with the agreement of counsel for the parties, Judge Manis agreed to provide a copy of the Prosecution's Personal Notes to counsel for Respondent to file under seal in this federal habeas case. *Id*. at 3. Judge Manis further directed counsel for the parties to "alert counsel for the FBI of the proposed filing in the federal habeas

corpus case, as well as any request for in camera review and access to materials in the file." *Id.* at 4.  Judge Manis's Order was copied to the U.S. Attorney's office (*see id.*), and counsel for the FBI apparently contacted Respondent immediately after receiving a copy of the Order.  See Resp.'s Br., at 5.

On October 30, 2014, Assistant United States Attorney Lori M. Beranek entered an appearance on behalf of the United States.  (Dkt. No. 78.)  Thereafter, in response to Respondent's request for a hearing regarding the Prosecution's Personal Notes, this Court ordered all parties to brief the issues.  (Dkt. No. 79.)

### III.   CLARIFICATION OF SCOPE OF ISSUE PRESENTED

As noted above, counsel for both parties have reviewed substantial additional sealed materials from the state court record and have agreed that a limited portion of those materials (a few hundred pages from several thousand that were reviewed) are relevant to the claims and defenses in this federal habeas action and should be made part of the record in this case.[8]  Mr. Al-Amin believes these "other materials" should be made a part of the federal habeas court record as soon as possible, separate and apart from the parties' further inspection and filing under seal of materials in the Prosecution's Personal Notes.

---

[8] These "other" sealed materials include approximately two dozen transcripts from sealed hearings, as well as a number of exhibits from those sealed hearings.

Although these "other materials" had been filed under seal in the underlying state trial court, and although the parties anticipated filing these "other materials" under seal in this federal action, Mr. Al-Amin has concerns about whether all of the "other materials" properly should be filed under seal in this Court, given the strict limitations in the "Guidelines to Parties and Counsel in Cases Proceeding before the Honorable Amy Totenberg."[9]  Accordingly, while Mr. Al-Amin has agreed not to oppose any request by Respondent to file these "other materials" under seal, he has not agreed to submit a joint motion to file under seal.

## IV. MR. AL-AMIN PRESERVES HIS POSITION THAT THE FBI WAS INVOLVED IN THE INVESTIGATION AND PROSECUTION OF MR. AL-AMIN AND THEREFORE IS SUBJECT TO *BRADY*

Respondent frames the issue as involving "information or materials of the federal government," such that *Touhy* authorization is required before any disclosure.  Resp.'s Br., at 6.  Mr. Al-Amin respectfully submits that, because the FBI indisputably was involved in the investigation and prosecution of Mr. Al-Amin, the FBI must comply with the obligations mandated by *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose exculpatory evidence to the defendant.[10]

---

[9] *See* Guidelines § III.e.; N.D. Ga. Standing Order 04-02.

[10] *See* State Court Order (Resp.'s Br., Ex. A), at 2 (describing extensive involvement of FBI in investigation and prosecution of criminal case).

- 7 -

A binding Fifth Circuit decision addressed the applicability of *Brady* where state and federal authorities "pooled their investigative energies to a considerable extent" and "state officers were important witnesses in the federal prosecution." *United States v. Antone*, 603 F.2d 566, 569 (5th Cir. 1979). Rejecting the Government's urged demarcation between the authorities, the Court of Appeals ruled that "[i]mposing a rigid distinction between federal and state agencies which have cooperated intimately from the outset of an investigation would artificially contort the determination of what is mandated by due process." *Id.* at 570.

The Eleventh Circuit repeatedly has followed *Antone* in holding that, where government agencies have cooperated in the investigation or prosecution of a defendant, all cooperating entities are subject to *Brady*.[11] Here, there is no

---

[11] *See, e.g., Hays v. State of Alabama*, 85 F.3d 1492, 1497 & n.2 (11th Cir. 1996) (rejecting challenge to district court's ruling that "knowledge of statements in the possession of federal agents could be imputed to the state," where the ruling was based on "the level of cooperation between the state prosecutors and the FBI") (citing *Antone*); *United States v. Spagnoulo*, 960 F.2d 990, 994 (11th Cir. 1992) (noting government's concession "that the report was in the possession of an FBI agent is of no consequence," given that proper focus is on the "'prosecution team' which includes both investigative and prosecutorial personnel"); *Arnold v. McNeil*, 622 F. Supp. 2d 1294, 1312-13 (M.D. Fla. 2009) ("*Brady* applies to exculpatory and impeachment evidence that is in the possession of the 'prosecution team,' which includes investigators and the police") (citing, *inter alia*, *Kyles v. Whitley*, 514 U.S. 419, 437 (1995)), *aff'd for reasons stated by district court*, 595 F.3d 1324 (11th Cir. 2010); *see also Bell v. Haley*, 437 F. Supp. 2d 1278, 1307-08 (M.D. Ala. 2005) (holding *Brady* applied to Alabama Bureau of Investigation officer where ABI and local police "cooperated extensively in the investigation") (citing *Antone*).

question that in the underlying investigation and trial, "[t]he Fulton County District Attorney, as well as a state and local task force, worked closely with the FBI in the investigation and prosecution of this case, and information was shared." State Court Order, at 2. Thus, under *Antone* and the numerous Eleventh Circuit authorities applying its holding, the FBI is fully subject to *Brady*.

## V.  CONCLUSION

Mr. Al-Amin consents to the entry of the protective order proposed by counsel for the FBI. Mr. Al-Amin requests that the remainder of the sealed state court materials be made a part of this federal habeas court's record.

Respectfully submitted, January 26, 2015.

| KILPATRICK TOWNSEND & STOCKTON LLP<br>1100 Peachtree Street, Suite 2800<br>Atlanta, Georgia 30309-4528<br>Telephone: (404) 815-6500 | s/ C. Allen Garrett Jr.<br>A. Stephens Clay (Ga. Bar 129400)<br>Miles J. Alexander (Ga. Bar 009000)<br>Ronald L. Raider (Ga. Bar 592192)<br>C. Allen Garrett Jr. (Ga. Bar 286335) |

*Counsel for Petitioner Jamil Abdullah Al-Amin*

## CERTIFICATE OF FONT AND POINT SELECTION

I hereby certify that the foregoing was prepared in Times New Roman font, 14 point type, in compliance with Local Rule 5.1(C).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been filed with the U.S. District Court's CM/ECF System and that pursuant thereto, a copy of this pleading has been served upon the following persons by electronic mail:

>Paula K. Smith, Esq.
>psmith@law.ga.gov

>Lori M. Beranek
>Lori.Beranek@usdoj.gov

Dated: January 26, 2015.

KILPATRICK TOWNSEND
  & STOCKTON LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528
Telephone: (404) 815-6500
Facsimile: (404) 815-6555

s/ C. Allen Garrett Jr.
C. Allen Garrett Jr.
Georgia Bar No. 286335
agarrett@kilpatricktownsend.com

*One of the Attorneys for Petitioner Jamil Abdullah Al-Amin*