IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIL ABDULLAH AL-AMIN, | : | HABEAS CORPUS |
| BOP ID 99974-555, | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-1688-AT-GGB |
| DAVID EBBART, Warden, and | : | |
| HOMER BRYSON, Commissioner, | : | |
| Respondents. | : | |

## **ORDER**

This is a federal habeas corpus proceeding brought through counsel by state inmate Jamil Abdullah Al-Amin. It is now before me on (A) the Unopposed Motion to File Documents 1-27 from the State Criminal Case Under Seal and (B) the Unopposed Motion to File Document 28 from the State Criminal Case Under Seal, each of which was received in Chambers on April 10, 2015, but neither of which has yet been entered on the docket, pending my review.

I understand that while counsel for Mr. Al-Amin and the Respondents have seen and reviewed Documents 1-27, they have not also seen and reviewed Document 28. I further understand that Document 28 has been seen and reviewed only by counsel for the Federal Bureau of Investigation ("FBI"), as an interested party, but that she did not retain a copy.

AO 72A
(Rev.8/82)

With respect to the motion to seal Documents 1-27, I note as follows:  If neither Mr. Al-Amin, nor the Respondents, intends to cite and rely on any material in Documents 1-27, the motion to add those documents to the record is effectively moot.  To date, neither counsel for Mr. Al-Amin, nor counsel for the Respondents has expressed an intention to revise their respective pleadings to cite and refer to any material in Documents 1-27.  Therefore, **I DENY WITHOUT PREJUDICE** the motion to file Documents 1-27 under seal.

At this time, I **DIRECT** the Clerk to return to the Respondent the Unopposed Motion to File Documents 1-27 from the State Criminal Case Under Seal and its attachments.

With respect to the motion to filed Document 28 under seal, I **DIRECT** counsel for the FBI to obtain a copy of Document 28 from my Chambers, and I further **ORDER** counsel for the FBI to submit to me in Chambers **WITHIN SEVEN (7) DAYS** of the entry date of this Order clean and redacted copies of each page in Document 28 showing the material the FBI proposes be kept under seal, if any.

I will revisit then whether to grant, grant in part, or deny the motion to file Document 28 under seal, and I will retain Document 28 until such time as the Court takes further action with respect to it.

AO 72A
(Rev.8/82)

It is my expectation that this will conclude the phase of the case devoted to compiling the record of state court proceedings and that this Court may move forward to the next phase. Thus, shortly after I enter an Order with respect to the motion to file Document 28 under seal and all parties have had an opportunity to examine that document, I will enter a further Order granting a limited period of time to file amended pleadings, if any.

I **DIRECT** counsel to address in any future filing that contends that any document should be sealed the factors that are relevant to such determination. *See generally Perez-Guerrero v. United States Att'y Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) (there is a "presumption of public access to judicial documents" and a multi-factor balancing test applies to "determine which portions of the record, if any, should remain under seal").

The parties have jointly requested that David Ebbart and Homer Bryson be substituted as the named Respondents in place of David Berkebile and Brian Owens, respectively, and I **DIRECT** the Clerk to update the docket accordingly.

**IT IS SO ORDERED**, this 21st day of April, 2015.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)