IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIL ABDULLAH AL-AMIN, | : | HABEAS CORPUS |
| BOP ID 99974-555, | : | 28 U.S.C. § 2254 |
| Petitioner, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:12-CV-1688-AT-GGB |
| DAVID EBBART, Warden, and | : | |
| HOMER BRYSON, Commissioner, | : | |
| Respondents. | : | |

## ORDER

This case was initiated on May 8, 2012, when counsel for Petitioner Jamil Abdullah Al-Amin filed a "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2254 and various exhibits in federal district court in Colorado. *See* (Doc. 1). Within a week, Mr. Al-Amin's Petition was transferred to this Court, *see* (Doc. 3), and by September 2012, counsel for Respondent had filed the bulk of the 48-volume record, *see* (Docs. 12-36); *see also* (Doc. 60).

Since then, however, proceedings have bogged down, in part to accommodate Petitioner's requests to (1) amend his Petition (twice); (2) expand the record to include materials not considered by the state habeas court, and (3) seek permission, at an indefinite point in the future, to take further discovery and amend his Petition a third time. *See generally* (Docs. 38, 53, 57, 65, 66).

On October 30, 2013, I entered a Partial Scheduling Order at Petitioner's

AO 72A
(Rev.8/82)

request, permitting Petitioner to "file his motion to expand the record and his motion for leave to conduct discovery within 30 days of the parties having completed their efforts to resolve the state court record issues." (Doc. 67 at 2). More than nineteen months later, that still has not occurred. Petitioner's most recent filing, on May 22, 2015, suggests that the parties and the United States, as an Interested Party, are still working out the terms of a consent order to be presented to a state court judge to unseal certain records the Petitioner wishes to add to the record in this Court. *See* (Doc. 94).

However, it does not appear that the submission of any motion to seek additional discovery or to file a Third Amended Petition needs to be delayed any further while that process plays out in state court. Indeed, it appears that counsel for all parties and the United States have had the opportunity fully to review the sealed state-court material that Petitioner is seeking to add to the record. *See* (*id.*).

Therefore, the Partial Scheduling Order (Doc. 67) is hereby **VACATED IN PART** insofar as it granted Petitioner an open-ended period of time to seek discovery and/or permission to file an amended petition, and the Petitioner is **ORDERED** to submit any request for permission to seek further discovery and/or to file a Third Amended Petition to this Court **ON OR BEFORE JULY 15, 2015**.

2

As I previously advised counsel for Petitioner:

> [D]iscovery in habeas cases is permitted only for "good cause" and . . . "a party requesting discovery must provide reasons for the request." 28 U.S.C. foll. § 2254, Rule 6(a)-(b). Because this case – which was filed on May 8, 2012, has now been pending [over] three years, I expect Petitioner to consider very thoughtfully whether to request additional discovery and, if determined to make such a request, to explain fully his reasons (including the reasons such request could not have been made sooner).

(Doc. 93 at 3).

**IT IS SO ORDERED**, this 15th day of June, 2015.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE