IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIL ABDULLAH AL-AMIN, | * | CIVIL ACTION NO. |
| | * | 1:12-CV-1688-AT-GGB |
| Petitioner, | * | |
| | * | |
| v. | * | HABEAS CORPUS |
| | * | 28 U.S.C. § 2254 |
| DAVID EBBART, Warden, and | * | |
| HOMER BRYSON, Commissioner, | * | |
| Georgia Department of Corrections, | * | |
| | * | |
| Respondents. | * | |

RESPONSE IN OPPOSITION TO
PETITIONER'S MOTION TO EXPAND THE RECORD
(Doc. 101)

COMES NOW Respondent Bryson, through counsel, and makes this his response in opposition to Petitioner's motion to expand the record to include materials from the Federal Bureau of Investigation and a declaration from Petitioner's lead defense counsel at his state criminal trial, by showing and stating as follows:

1.

Nearly three years after this petition was filed, Petitioner has moved to expand the record to include: (a) documents he obtained from the Federal Bureau of Investigation ("FBI") in response to requests under the Freedom of Information Act ("FOIA"); and (b) a declaration from John R. Martin, who was Petitioner's

lead defense counsel at trial and on direct appeal from the Fulton County convictions and sentences challenged in this case. (Doc. 101). Respondent opposes the motion to expand the record to include these materials.

2.

As to the FBI materials, Petitioner does not set forth any details regarding when he made the FOIA requests and when he obtained the information from the FBI that he now proffers. (Doc. 101 at 2). Instead, he references testimony given at a hearing in June 2001 and documents purportedly showing the FBI's continued investigation of Petitioner in March 2000, information that is not new. Respondent opposes the attempt to expand the record to include this information which Petitioner failed to present to the state courts.

3.

The record from the state collateral attack shows that, in his "Memorandum of Law in Support of Petition for Writ of Habeas Corpus" filed in Tattnall County on November 14, 2005, Petitioner asserted in issue 7 that he was in the process of seeking disclosure of federal documents under the Freedom of Information Act. Petitioner never mentioned any FOIA requests during the February 27, 2007, habeas corpus hearing. (Doc. 1-3). In the amendment he filed in open court at the start of the February 27th hearing, Petitioner alleged in ground 1(D) that there are "certain issues which are clearly constitutional violations, but which cannot and

2

have not been fully developed due to uncooperative witnesses and due to the inability of Al-Amin to gain access to documents the federal government is withholding and has continued to withhold for many years. . . ." (Doc. 1-7 at 4). In subsection (2) under 1(D), Petitioner addressed the issue of surveillance of Petitioner on the night of the offenses and posited that those records would allegedly show Petitioner is innocent. Id. at 5. Yet, when the state habeas corpus court called the case for hearing and asked Petitioner if he was ready to proceed, Petitioner's counsel responded, "We are Your Honor." (Doc. 1-3 at 2, 4). There was a discussion about having a second hearing to bring in additional witnesses who were not available that day. Id. The "only other prehearing issue" Petitioner identified was his attempt to get a report from the FBI via subpoena, to which the FBI filed a motion to quash, and the motion to quash was heard. Id. at 13-21. Counsel for the FBI pointed out that federal records belonged to the respective federal agency(ies) and that a federal judge could examine any documents under seal in camera to determine if the FBI was unreasonably withholding anything. Id. at 21. The state habeas court granted the motion to quash. Id. In the wake of this ruling, Petitioner made no mention of any FOIA requests or their status, and he never asked for a continuance or opportunity to present information to the state habeas corpus court obtained under FOIA. Thus, Petitioner made no attempt to present FOIA documents to the state habeas corpus court. The state habeas corpus

court found that the Brady v. Maryland, 373 U.S. 83 (1963), claim, based on the FBI's alleged failure to produce FOIA documents purportedly showing there was surveillance of Petitioner, was procedurally defaulted under O.C.G.A. § 9-14-48(d) as the issue was not timely raised at trial and on direct appeal.  (Doc. 1-2 at 31).

4.

For all these reasons, Respondent submits that Petitioner should not be permitted to expand the record to include FOIA documents that he did not attempt to present to the state courts.

5.

As for the declaration of Mr. Martin, Respondent submits this Court may not consider the declaration in determining whether the Georgia Supreme Court's decision on a Fifth Amendment claim on direct appeal[1], which is raised as claim I of the third amended federal petition (Doc. 99 at 91), warrants deference under 28 U.S.C. § 2254(d).  Mr. Martin's declaration is not and was not part of the state court record on direct appeal.  In Cullen v. Pinholster, ____ U.S. ___, 131 S.Ct. 1388, 1398 (2011), the Supreme Court held that review by a federal court under 28 U.S.C. § 2254(d)(1) of a state court's merits decision must be based solely only on the record that was before the state court when it adjudicated the claim on the merits.  See also French v. Warden, Wilcox State Prison, 2015 U.S. App. LEXIS

---

[1] See Al-Amin v. State, 278 Ga. 74, 84(15), 597 S.E.2d 332 (2004).

10620 at *10 (11th Cir. June 23, 2015); <u>Lucas v. Warden, Ga. Diagnostic & Classification Prison</u>, 771 F.3d 785, 791 (2014).

## CONCLUSION

Wherefore, Respondent Bryson prays that the Court deny Petitioner's motion to expand the record.

                          Respectfully submitted,

                          SAMUEL S. OLENS     551540
                          Attorney General

                          BETH A. BURTON     027500
                          Deputy Attorney General

                          s / Paula K. Smith _____
                          PAULA K. SMITH      662160
                          Senior Assistant Attorney General

Please serve:

PAULA K. SMITH
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia  30334-1300
Telephone: (404) 656-3351

CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the foregoing RESPONSE, by filing the same electronically with the CM/ECF system:

>C. Allen Garrett, Jr., Esq.
>A. Stephens Clay, Esq.
>Miles J. Alexander, Esq.
>Ronald L. Raider, Esq.
>Kilpatrick Townsend & Stockton LLP
>1100 Peachtree Street, Suite 2800
>Atlanta, Georgia 30309-4528
>
>Lori M. Beranek
>Assistant United States Attorney
>600 United States Courthouse
>75 Spring Street, SW
>Atlanta, Georgia 30303

This  5th  day of August, 2015.

>s / Paula K. Smith_____
>Paula K. Smith
>Senior Assistant Attorney General