IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIL ABDULLAH AL-AMIN, | * | CIVIL ACTION NO. |
| | * | 1:12-CV-1688-AT-GGB |
| Petitioner, | * | |
| | * | |
| v. | * | HABEAS CORPUS |
| | * | 28 U.S.C. § 2254 |
| DAVID EBBART, Warden, and | * | |
| HOMER BRYSON, Commissioner, | * | |
| Georgia Department of Corrections, | * | |
| | * | |
| Respondents. | * | |

RESPONSE TO
PETITIONER'S MOTION FOR LEAVE TO CONDUCT DISCOVERY
(Doc. 100)

COMES NOW Respondent Bryson, through counsel, and makes this his response to Petitioner's motion for leave to conduct discovery from the Federal Bureau of Investigation ("FBI"), by showing and stating as follows:

1.

Petitioner has moved for leave to conduct discovery, seeking "only to ask if the FBI has any exculpatory evidence related to establishing that Mr. Al-Amin was not the individual who shot Deputy Sheriffs Ricky Kinchen and Aldranon English on March 16, 2000." (Doc. 100 at 1). He claims that, as "good cause" for his request, he has obtained information purportedly showing that the FBI "misstated"

to the state trial court and Petitioner's trial defense team that there was no ongoing investigation of Petitioner in March 2000.  Id. at 2.

2.

Unlike ordinary civil cases, leave of court is required to conduct discovery in federal habeas corpus cases filed under 28 U.S.C. § 2254.  Rule 6 of the Rules Governing § 2254 Cases permits a federal judge, for good cause, to authorize a party to conduct discovery and limit the extent of discovery.

3.

Pretermitting the question of whether Petitioner has shown "good cause," Respondent Bryson does not oppose Petitioner's motion for leave to conduct discovery from the FBI.  Both the Georgia Supreme Court and the state habeas corpus court have suggested to Petitioner that the appropriate route for his access to federal documents lay in the federal courts.  See Al-Amin v. State, 278 Ga.74, 83, 597 S.E.2d 332 (2004); Doc. 1-2 at 31.  It would appear that granting Petitioner leave to conduct discovery for the limited purposes he has expressed would facilitate a quicker resolution of the issues and the denial of habeas corpus relief in this case.

4.

In not opposing this motion, Respondent does not in any way waive any objections to, nor agree to, consideration of any potential information that Petitioner may obtain in discovery.

## CONCLUSION

Wherefore, Respondent Bryson submits this response to Petitioner's motion for leave to conduct discovery from the FBI.

Respectfully submitted,

SAMUEL S. OLENS           551540
Attorney General

BETH A. BURTON            027500
Deputy Attorney General

s / Paula K. Smith _____
PAULA K. SMITH            662160
Senior Assistant Attorney General

Please serve:

PAULA K. SMITH
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia  30334-1300
Telephone: (404) 656-3351

3

## CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the foregoing RESPONSE, by filing the same electronically with the CM/ECF system:

>C. Allen Garrett, Jr., Esq.
>A. Stephens Clay, Esq.
>Miles J. Alexander, Esq.
>Ronald L. Raider, Esq.
>Kilpatrick Townsend & Stockton LLP
>1100 Peachtree Street, Suite 2800
>Atlanta, Georgia 30309-4528
>
>Lori M. Beranek
>Assistant United States Attorney
>600 United States Courthouse
>75 Spring Street, SW
>Atlanta, Georgia 30303

This  _5th_  day of August, 2015.

>s / Paula K. Smith_____
>Paula K. Smith
>Senior Assistant Attorney General