IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIL ABDULLAH AL-AMIN, | * | CIVIL ACTION NO. |
| | * | 1:12-CV-1688-AT-GGB |
| Petitioner, | * | |
| | * | |
| v. | * | HABEAS CORPUS |
| | * | 28 U.S.C. § 2254 |
| DAVID EBBART, Warden, and | * | |
| HOMER BRYSON, Commissioner, | * | |
| Georgia Department of Corrections, | * | |
| | * | |
| Respondents. | * | |

RESPONSE IN OPPOSITION TO
"PETITIONER'S SECOND MOTION TO EXPAND THE RECORD"
(Doc. 116)

COMES NOW Respondent Bryson, through counsel, and makes this his

response in opposition to Petitioner's second motion to expand the record to

include seven Exhibits, by showing and stating as follows:

1.

Petitioner has moved to expand the record to include seven Exhibits:  three

were attached to his motion for discovery (Exhibit 1, 2, 5); one was attached to his

reply to Respondent's opposition to Petitioner's motion to expand the record

(Exhibit 4); and three are new and include responses he received in discovery

(Exhibits 3, 6, 7).  Respondent opposes the motion to expand the record to include

these Exhibits for two main reasons:  Exhibits 1 and 2 are not relevant to nor

probative of the <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), claim, as they were not generated during the course of the investigation that led to Petitioner's challenged Fulton County convictions; Exhibits 3, 4, 5, 6 and 7 are not part of record as developed in the state courts, but they reasonably could have been had Petitioner exercised due diligence.

2.

Exhibits 1 and 2 were attached to Petitioner's discovery motion.  (Doc. 100). Exhibit 1 is a declaration from a United States Marshal executed in June 2012 and apparently submitted in Petitioner's then-pending civil rights case for the Magistrate Judge's consideration of potential security and cost issues in transporting Petitioner from the federal "Supermax" facility in Colorado (where he was housed by agreement between federal authorities and Georgia Corrections authorities to serve his Fulton County convictions sentences), for a hearing in the Southern District of Georgia on the award of attorney's fees.  (Doc. 116-1). Exhibit 2 is the July 16, 2014, order of the Magistrate Judge, declining to have Petitioner produced in person for any hearing and allowing him to participate by video-teleconferencing.  (Doc. 116-2).  Other than the fact that Petitioner was the Plaintiff in that action, nothing on the face of either document shows that it is or was linked to this case.  Nothing in either document shows that it was generated during the course of the investigation of the crimes which occurred on March 16,

2000, and Petitioner's Fulton County convictions for murder and other felonies, arising from a jury trial on January 29-March 9, 2002.[1]  These documents did not even exist at the time this case was filed in May 2012.  (Doc. 1).  Respondent submits Exhibits 1 and 2 are not relevant to nor probative of Petitioner's <u>Brady</u> claim, so that Respondent opposes the motion to expand the record to include these documents.

### 3.

Respondent opposes the motion to expand the record to include Exhibits 3-7, as the same information from the Federal Bureau of Information ("FBI") could have been obtained and presented to the state courts for consideration in Petitioner's state habeas corpus case.  Respondent opposes the motion to include these Exhibits for the same reasons Respondent opposed Petitioner's initial motion to expand the record (Doc. 116).  Respondent adopts and incorporates by reference herein his arguments in that response.  (Doc. 116).

### 4.

In addition, Respondent did not oppose Petitioner's motion for discovery, *not* because Petitioner had allegedly shown good cause for the grant of discovery as required under Rule 6 of the Rules Governing § 2254 Cases, but in order to "facilitate a quicker resolution of the issues and the denial of habeas corpus relief

---

[1] <u>Al-Amin v. State</u>, 278 Ga. 74 n.1, 597 S.E.2d 332 (2004).

in this case." (Doc. 107 at 2). Respondent further made clear that, in not opposing the motion for discovery, Respondent was not waiving any objections to nor agreeing to consideration of any potential information that Petitioner might obtain in discovery. Id. at 3.

5.

Respondent submits that the information from the FBI now proffered through Exhibits 3-7 could have been obtained before now and presented to the state courts for their consideration of Petitioner's Brady claim(s), including his current version raised in the third federal amendment. (Doc. 99 at 127). He had alleged on direct appeal that Brady was violated when FBI records regarding the internal investigation of Special Agent Campbell were not produced, a claim the state Supreme Court found lacked merit. Al-Amin, 278 Ga. at 83(13). In his state habeas corpus case, he alleged a Brady violation based on the FBI's alleged failure to produce FOIA documents purportedly showing there was surveillance of Petitioner, a claim the state court deemed to be procedurally defaulted under O.C.G.A. § 9-14-48(d) as the issue was not timely raised at trial and on direct appeal. (Doc. 1-2 at 31). Respondent submits that Petitioner should not be permitted to expand the record to include FBI documents that he did not attempt to present to the state courts.

6.

Respondent also reserves the right to address the record expansion issue in his brief to be filed in support of his answer to the third amended petition, which is due on or before October 21, 2015.  (Doc. 118).

## CONCLUSION

Wherefore, Respondent prays that the Court deny Petitioner's second motion to expand the record.

Respectfully submitted,

SAMUEL S. OLENS                551540
Attorney General

BETH A. BURTON                 027500
Deputy Attorney General

s / Paula K. Smith _____
PAULA K. SMITH                 662160
Senior Assistant Attorney General

Please serve:

PAULA K. SMITH
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia  30334-1300
Telephone: (404) 656-3351

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served the foregoing RESPONSE, by filing the same electronically with the CM/ECF system:

C. Allen Garrett,Jr., Esq.
A. Stephens Clay, Esq.
Miles J. Alexander, Esq.
Ronald L. Raider, Esq.
Kilpatrick Townsend & Stockton LLP
1100 Peachtree Street, Suite 2800
Atlanta, Georgia 30309-4528

Lori M. Beranek
Assistant United States Attorney
600 United States Courthouse
75 Spring Street, SW
Atlanta, Georgia 30303

This   9th   day of October, 2015.

s / Paula K. Smith_____
Paula K. Smith
Senior Assistant Attorney General