IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIL ABDULLAH AL-AMIN, | * | CIVIL ACTION NO. |
| | * | 1:12-CV-1688-AT-GGB |
| Petitioner, | * | |
| | * | |
| v. | * | HABEAS CORPUS |
| | * | 28 U.S.C. § 2254 |
| David EBBART, Warden, and | * | |
| HOMER BRYSON, Commissioner, | * | |
| Georgia Department of Corrections, | * | |
| | * | |
| Respondents. | * | |

REPLY TO
"PETITIONER'S REPLY IN SUPPORT OF THIRD AMENDED PETITION"
(Doc. 123)

Comes now Respondent Bryson, through counsel, Samuel S. Olens, Attorney General of Georgia, and makes his reply to "Petitioner's Reply in Support of Third Amended Petition" (hereinafter "Petitioner's Reply") (Doc. 123), by showing and stating as follows:

1.

In Petitioner's Reply, Petitioner has raised yet another new claim alleging that the Federal Bureau of Investigation violated his rights under Brady v. Maryland, 373 U.S. 83 (1963), by failing to disclose information contained in three documents. (Doc. 123 at 26). These three documents are not currently part of the record as established in the state courts in the criminal and collateral proceedings,

which is why he had moved to expand the record to include them (and other documents).

2.

This new Brady claim, asserted in the Reply, comes in the wake of the Court's show-cause order in which the Court directed Respondent to file pleadings responsive to the third amended federal petition (Doc. 99), by October 21, 2015, and gave Petitioner until October 28, 2015, to file any reply. (Doc. 118). Before Respondent's pleadings were due, Petitioner filed a notice that he would file a reply and address all Brady issues (ground IV of the third amended petition) in that reply. (Doc. 119). Because Respondent could not ascertain with certainty what Petitioner's Brady issues in ground IV encompassed and what theories Petitioner would address in his reply, Respondent reserved the right to file a reply to Petitioner's reply. (Doc. 121-1 at 5). Petitioner did not oppose that.

3.

Respondent now files this reply to Petitioner's Reply and asserts the following.

4.

First, the new Brady claim raised in Petitioner's Reply is not properly before the Court as a ground for relief. Respondent cannot ascertain if this new Brady issue is being raised in addition to the new claims asserted in Ground IV of the

third petition or replaces Ground IV in its entirety.  That is why Respondent is not addressing the new Brady claim in the Reply and/or Ground IV in this reply, as Respondent is still not sure what claim(s) Petitioner is raising in his Brady section. Though Petitioner suggests that, under Banks v. Dretke, 540 U.S. 668, 703-04, (2004),  he would not have to amend his habeas petition to add this claim, Respondent does not concur with Petitioner's reading of that case.  To avoid any uncertainty as to what Petitioner's Brady claim(s) are, and to avoid any other new claims being raised at this juncture, Respondent urges the Court to take Petitioner up on his offer to amend his petition with respect to his Brady claim(s).  (Doc. 123 at 45).  Respondent would oppose any further attempts by Petitioner to amend the petition and urges the Court to bar any further amendments.

5.

Petitioner also requests a status conference or conference call with the Court to discuss issues of exhaustion, including whether the "stay and abeyance" procedure outlined in Rhines v. Weber, 554 U.S. 269 (2005), should be employed in this case. (Doc. 123 at 46, 47).  Petitioner does not state he intends to file a second state collateral attack, so that it is puzzling that he would broach the subject of the "stay and abeyance" option if he does not contemplate returning to the state courts.  For the record, Respondent would oppose such a request, as Petitioner has

3

not met the criteria to stay this case and hold in abeyance while he files a second state collateral attack.

6.

Respondent has asserted that ground IV in its current version is new, as it was not raised in the state courts on the same factual and legal theories, but that this Court can find the requisite exhaustion to raise by virtue of the claim being defaulted under Georgia's successive petition rule and Chambers v. Thompson, 150 F.3d 1324 (11th Cir. 2998).

7.

Rhines notes that, when a district court is confronted with a "mixed petition" which contains exhausted and unexhausted claims, "the ordinary disposition" is to dismiss it in its entirety, grant a stay and abeyance if a stay is warranted, or allow the petitioner to dismiss his unexhausted claims if a stay is not warranted.  Rhines v. Weber; King v. Chase, 384 Fed. Appx. 972, 2010 U.S. App. LEXIS 13560 (2010); Reedman v. Thomas, 305 Fed. Appx. 544, 2008 U.S. App. LEXIS 25284 (2008); Thompson v. Sec'y for the Dep't of Corr., 425 F.3d 1364 (11th Cir. 2005).

8.

Respondent has not moved to dismiss the third amended petition as a "mixed petition" containing both exhausted and unexhausted claims, particularly since the state habeas corpus court specifically found that the new Brady claims about

4

surveillance presented to it were not preserved for merits review but were defaulted under O.C.G.A. § 9-14-48(d), Georgia's other default rule which applies to a petitioner's original petition, since those claims were not timely raised at trial and on direct appeal.  (Doc. 1-2 at 23-24).  Since those <u>Brady</u> claims were found to be defaulted, it is unlikely that the state courts would reach the merits of new <u>Brady</u> claims if presented in a second state petition.  That is why Respondent has urged the Court to treat the new claims raised in Ground IV as successive.  It appears that the new <u>Brady</u> claim raised in Petitioner's Reply is defaulted on the same basis, and Respondent will so assert if and when Petitioner amends his petition to include the claim.

7.

At any rate, Respondent's counsel is available for a status conference or conference call if the Court so desires.

## CONCLUSION

WHEREFORE, Respondent prays that the Court deny habeas corpus relief.

                                Respectfully submitted,

| | |
|---|---|
| SAMUEL S. OLENS | 551540 |
| Attorney General | |
| | |
| BETH A. BURTON | 027500 |
| Deputy Attorney General | |
| | |
| s / Paula K. Smith _____ | |
| PAULA K. SMITH | 662160 |
| Senior Assistant Attorney General | |

Please serve:

PAULA K. SMITH
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia  30334-1300
Telephone: (404) 656-3351

6

CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the foregoing REPLY, by filing the same electronically with the CM/ECF system:

>A. Stephens Clay, Esq.
>Miles J. Alexander, Esq.
>Ronald L. Raider, Esq.
>C. Allen Garrett, Jr., Esq.
>Kilpatrick Townsend & Stockton LLP
>1100 Peachtree Street, Suite 2800
>Atlanta, Georgia 30309-4528

This 10th day of November, 2015.

>s /Paula K. Smith_____
>Paula K. Smith
>Senior Assistant Attorney General