IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMIL ABDULLAH AL-AMIN, | * | CIVIL ACTION NO. |
| | * | 1:12-CV-1688-AT-GGB |
| Petitioner, | * | |
| | * | |
| v. | * | HABEAS CORPUS |
| | * | 28 U.S.C. § 2254 |
| DAVID EBBART, Warden, and | * | |
| HOMER BRYSON, Commissioner | * | |
| of the Georgia Department of | * | |
| Corrections, | * | |
| | * | |
| Respondents. | * | |

FOURTH SUPPLEMENTAL ANSWER-RESPONSE
OF RESPONDENT BRYSON

COMES NOW Respondent Bryson, through counsel, and makes this his supplemental answer and response to the fourth amended petition[1] (Doc. 128, redocketed as 129), per the Court's order (Doc. 125, 127), by showing and stating as follows:

1.

Respondent adopts and incorporates by reference herein his prior answers and briefs in support in response to the original petition, the first amended

---

[1] The fourth amended petition was not filed on the form promulgated for use in § 2254 cases. It appears that the main changes in the fourth amended petition that Petitioner has new factual and legal theories in ground IV, his Brady v. Maryland, 373 U.S. 83 (1963), claim, as to what he claims was withheld.

petition, the corrected second amended petition and the third amended petition. (Doc. 8, 43, 61, 121). ² Respondent supplements his answer in response to the allegations raised in the fourth amended petition as follows.

---

² Petitioner is currently in the custody of federal Warden Ebbart to serve his challenged State of Georgia convictions and sentences.  Prior to the filing of this case, Petitioner was moved from a Georgia prison to the federal "Supermax" facility to serve his Georgia sentences, pursuant to arrangements between federal and state authorities.  This case presents a unique scenario which is not squarely addressed by Rule 2 of the Rules Governing § 2254 Cases.  Rule 2(a) provides that, if the petitioner is currently in custody under a state-court judgment, the petitioner "must name as respondent the state officer who had custody," and the Annotations following Rule 2 note that the proper party in this instance would be the warden of the institution in which the petitioner is incarcerated or the "chief officer in charge of state penal institutions."  Commissioner Bryson is the state's chief officer and is Petitioner's "true custodian" as the federal court found in transferring this case from the District of Colorado, where it was originally filed, to this Court.  (Doc. 3).  Rule 2(b) speaks to the situation where the petitioner is housed elsewhere and seeks to challenge a state-court judgment on which he will be in custody and directs that the petitioner must name as respondents "both the officer who has current custody and the attorney general of the state of the judgment as well as well as the officer having custody, as the attorney general "will usually" defend the habeas action.  Since Petitioner is already serving his Georgia sentences, the Georgia Corrections Commissioner is the proper Georgia respondent, as opposed to the Georgia Attorney General, to defend this challenge to Georgia convictions.  Though Warden Ebbart has custody of Petitioner pursuant to the agreement between state and federal entities, Warden Ebbart is a nominal party and is not the true party in interest to defend this challenge to State of

2.

Respondent denies the allegations in Part I, "Introduction," paragraphs 1-4 in which Petitioner lists his four grounds for relief. (Doc. 129 at 16)[3]. Respondent submits that the state courts' merits adjudications of claims I-III warrant deference under 28 U.S.C. § 2254(d) and that claim IV is new but defaulted under Georgia's successive petition, O.C.G.A. § 9-14-51, and Chambers v. Thompson, 150 F.3d 1324 (11th Cir. 1998), or alternatively lacks merit.

3.

Respondent denies the allegations in Part II, "Summary of Mr. Al-Amin's Habeas Claims," Paragraphs A-E. (Doc. 129 at 18-31). Respondent submits the state court's decisions on Claims A-C warrant deference and that Claim D is new but defaulted or alternatively lacks merit. Respondent submits that Paragraph E, in which Petitioner asserts that all four grounds show cumulative error," fails to state a claim for relief under 28 U.S.C. § 2254(d), as such an analysis is not part of the United States Supreme Court's established federal law for use in federal habeas corpus cases and the State of Georgia does not use such an analysis.

---

Georgia convictions and sentences, as evinced by the fact that he and his federal predecessor have filed no responsive pleadings in this case.

4.

Respondent admits that, apart from footnote 6 in Part III, "History of Proceedings," the remaining paragraphs accurately set forth the prior proceedings. (Doc. 129 at 31-36). Respondent denies the allegations in footnote 6 in which Petitioner states that he "incorporates and does not waive any of the claims asserted in his direct appeal, his initial state habeas petition, or his amended state habeas petition." Id. at 34 n.6. Respondent submits that Petitioner, who has amended his federal petition four times, has never pled all of the claims previously raised in the state courts in any of the federal petitions and has abandoned all claims except those now pursued in the fourth amended petition.

5.

Respondent denies the allegations in Part IV, "Facts Relevant to Mr. Al-Amin's Habeas Claims," in which he sets out purported "facts" about his background and "community standing" that rely on extraneous sources and are not part of the record evidence established at his state criminal trial, the proceedings giving rise to his challenged conviction, as well as his accounts of what occurred at trial and his state collateral attack, including his new assertion that the state habeas

---

[3] Citations to Document 129 are to the CM/ECF page numbers, and not the page numbers of the petition itself.

corpus court "abruptly" ended the case.[4] (Doc.129 at 36-94). Respondent adopts and incorporates herein the facts found by the Georgia Supreme Court as to Petitioner's crimes, as well as the facts found in connection with the merits adjudication of two issues on direct appeal, and the state habeas corpus court's findings of fact. Petitioner has not shown they are not entitled to a presumption of correctness.

6.

Respondent denies that Petitioner's constitutional rights have been violated as alleged in the fourth amended petition. All material averments of the fourth amended petition are denied. A more detailed factual and legal statement of Respondent's position is set forth in the brief filed with this supplemental answer and incorporated by reference herein.

7.

With respect to the four "Claims for Relief" of the fourth amended petition, Respondent asserts the following:

(1) Respondent denies the allegations in Claim I in which Petitioner alleges that his fifth and fourteenth amendment rights were violated when the prosecutor,

---

[4] Petitioner's forum in which to raise such a complaint was his application for a certificate of probable cause to appeal filed in the Georgia Supreme Court. See, e.g., Stevens v. Kemp, 254 Ga. 228, 230(2), 327 S.E.2d 185 (1985) ("If, in his first habeas proceeding, the appellant was denied a full and fair hearing on these claims,

in closing argument "engaged in a mock cross-examination of Mr. Al-Amin after he had invoked his constitutional right not to testify" and that the Georgia Supreme Court's decision, finding any error to be harmless under the facts of the case, does not warrant deference. (Doc. 129 at 94-103). Respondent submits that the Georgia Supreme Court's merits adjudication of the fifth amendment claim, finding any error to be harmless beyond a reasonable doubt, warrants deference under § 2254(d); that the error did not have a substantial and injurious effect or influence on the jury's verdict; and that both a juror's affidavit and the declaration of Petitioner's former lead defense attorney at the trial and who continued to represent Petitioner in the very appeal where this issue was decided, may not be considered by this Court in evaluating the state Supreme Court's decision as the affidavit and the declaration were **not** part of the record in the Georgia Supreme Court in the direct appeal and many not be used as part of the deference analysis. Cullen v. Pinholster, ___ U.S. ___, 131 S.Ct. 1388 (2011).

(b) Respondent denies the allegations in Claim II in which Petitioner alleges that his sixth and fourteenth amendment rights were violated by the trial court's limitation on his cross-examination of FBI agent Campbell, as the court would not permit him to question the agent about a specific instance of alleged prior

---

he could have raised this complaint in his application for certificate of probable cause to appeal.").

misconduct. (Doc. 129 at 118-26). Respondent submits that the Georgia Supreme Court's merits adjudication of this claim warrants deference under § 2254(d).

(c) Respondent denies the allegations in Claim III in which Petitioner alleges he received ineffective assistance of counsel when counsel did not "adequately investigate" the confession(s) of Otis Jackson to the same crime. (Doc. 129 at 126-36). Respondent submits that the state habeas corpus court's merits adjudication of the claims warrants deference under § 2254(d).

(d) Without waiving exhaustion, Respondent denies the allegations in Claim IV in which Petitioner alleges the prosecution violated his fourteenth amendment right to due process by allegedly withholding <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), information, i.e., (a) a declaration of a United States Marshall, given in 2012 for use in an unrelated § 1983 case, in which he states without foundation that "Several other suspects charged in the case remain at large" (Doc. 129-1 at 3, para.6); (b) a "BOLO" which names Petitioner by name (Doc. 129-2 at 1) and (c) notes of an Alabama deputy about where a gun was found (Doc. 129-3). (Doc.129 at 126-36). Respondent submits that this precise ground is new but procedurally defaulted under Georgia's successive petition rule as it was not previously raised in the state courts and would clearly be deemed successive under O.C.G.A. § 9-14-51 if now raised in a second state collateral attack. <u>Chambers v. Thompson</u>, 150 F.3d 1324 (11th Cir. 1998). Respondent submits that Petitioner has not shown cause and

7

actual prejudice to overcome the default or met the miscarriage of justice exception.  Respondent alternatively submits this ground lacks merit.

## EXHAUSTION

8.

Respondent does not contest exhaustion, as the four claims of the fourth amended petition were either decided adversely to Petitioner on direct appeal, or in his state collateral attack and the Georgia Supreme Court denied his application for a certificate of probable cause to appeal, or if new are exhausted by virtue of being procedurally defaulted under Georgia's successive petition rule, <u>Chambers v. Thompson</u>., and that his cumulative error claim is not a cognizable claim and/or fails to state a claim for relief under clearly established Federal law, 28 U.S.C. § 2254(d).  Respondent reserves the right to contest exhaustion if Petitioner raises additional claims or tries to amend the petition to raise new grounds, as Respondent does not waive exhaustion in this case.  28 U.S.C. § 2254(b)(3).

## STANDARD OF REVIEW

9.

Under 28 U.S.C. § 2254(d), this Court should not grant relief with respect to any claim adjudicated on the merits in state court proceedings unless that adjudication either: (1) resulted in a decision contrary to, or involved an unreasonable application of, clearly established federal law as determined by the

United States Supreme Court or (2) resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  Williams v. Taylor, 529 U.S. 362, 402-13 (2000).

## PRESUMPTION OF CORRECTNESS

10.

Under § 2254(e)(1), this Court should presume to be correct a determination of a factual issue made by a state court, as Petitioner has not rebutted the presumption of correctness by clear and convincing evidence.

## NO FEDERAL HEARING REQUIRED

11.

Under § 2254(e)(2), this Court should not hold a federal evidentiary hearing, as Petitioner has not shown that his claims: (a) rely on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court that was previously unavailable or the claim relied on a factual predicate that could not have been previously discovered by due diligence or (b) the facts underlying the claims would be sufficient to show by clear and convincing evidence that, but for the constitutional error, no fact finder would have found him guilty.  Williams v. Taylor, 529 U.S. 420 (2000).

TRANSCRIPTS

12.

Respondent has already filed electronically the 48 volumes of the state habeas corpus hearing transcript, comprising almost 20,000 pages, which contain the seven volumes of clerk's record prepared for direct appeal, the pretrial hearing transcripts, the voir dire transcripts, the trial transcripts, the post-trial hearing transcripts and the appellate briefs. (Doc. 13-36, 60). Respondent has also filed redacted versions of transcripts of hearings held prior to or during trial which are part of the state criminal case, but remain filed under seal in the state trial court. (Doc. 103, 104, 105).

With the original federal petition, Petitioner filed copies of his application for a certificate of probable cause to appeal the habeas corpus court's ruling; the state habeas court's final order; the 155 pages of testimony adduced at the February 27, 2007, habeas corpus hearing; Petitioner's Exhibit 1 admitted at the state habeas corpus hearing which are documents about Otis Jackson; the deposition of Otis Jackson taken in July 2009; the state habeas corpus petition; and the amendment. (Doc. 1, Exhibits 1-12).

## DIRECT APPEAL

13.

Petitioner pursued a direct appeal from his Fulton County convictions and sentences for malice murder and four other felonies, arising from a jury trial on January 22-March 13, 2002, at which the death penalty was sought, but the jury fixed his sentence for malice murder as life without parole. His convictions and sentences were affirmed on May 24, 2004, and reconsideration denied June 28, 2004. Al-Amin v. State, 278 Ga. 74, 597 S.E.2d 332, cert. denied, 543 U.S. 992 (2004). Certiorari was denied on November 15, 2004. Id.

## PRAYER FOR RELIEF

14.

Respondent denies Petitioner's request for relief and denies that his assertion that relief be granted, that a federal hearing be held, that additional discovery be granted, that he given additional subpoenas for documents and witnesses, and that he be allowed to amend the petition a fourth time. (Doc. 129 at 163-64). The Court has already granted Petitioner leave to file a reply brief. Petitioner has not established the need for a federal hearing. He has stated that the limited discovery permitted by the Court is at an end and he will not be seeking further discovery. (Doc. 115). His request to stay and hold this case in abeyance,

while he returns to the state courts to raise his current Brady claim, should be denied, as Petitioner has not satisfied the criteria for such.

## CONCLUSION

WHEREFORE, having answered the grounds of the fourth amended petition and shown cause why a writ should not issue and why no federal hearing is necessary, Respondent prays that the Court deny habeas corpus relief.

Respectfully submitted,

SAMUEL S. OLENS      551540
Attorney General

BETH A. BURTON      027500
Deputy Attorney General

s / Paula K. Smith _____
PAULA K. SMITH      662160
Senior Assistant Attorney General

Please serve:

PAULA K. SMITH
Senior Assistant Attorney General
Georgia Department of Law
40 Capitol Square SW
Atlanta, Georgia  30334-1300
Telephone: (404) 656-3351

CERTIFICATE OF SERVICE

I do hereby certify that I have this day served the foregoing FOURTH SUPPLEMENTAL ANSWER, by filing the same electronically with the CM/ECF system:

> A. Stephens Clay, Esq.
> Miles J. Alexander, Esq.
> Ronald L. Raider, Esq.
> C. Allen Garrett, Jr., Esq.
> Kilpatrick Townsend & Stockton LLP
> 1100 Peachtree Street, Suite 2800
> Atlanta, Georgia 30309-4528

This __1st__ day of December, 2015.

s / Paula K. Smith_____
Paula K. Smith
Senior Assistant Attorney General